HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRANSFAIR NORTH AMERICA INTERNATIONAL FREIGHT SERVICES, LLC., dba SCAN GLOBAL LOGISTICS and TRANSGROUP INTERNATIONAL,<br><br>Plaintiff,<br><br>v.<br><br>TOP SHELF MANUFACTURING, LLC dba EDSAL SANDUSKY,<br><br>Defendant. | Case No.  2:24-cv-01387-RAJ<br><br>ORDER |

## I.    INTRODUCTION

THIS MATTER comes before the Court on Plaintiff Transfair North America International Freight Services, LLC's ("Transfair") motions in limine, Dkt. # 43.  The Court has reviewed the motions, the submissions in support of and in opposition to the motions, and the balance of the record.  For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** the motions in limine.

ORDER - 1

## II. BACKGROUND

Defendant Top Shelf Manufacturing LLC dba Edsal Sandusky ("Edsal") hired Transfair to coordinate the shipment of Edsal's cargo overseas. This case arises from disputed charges incurred during the transport of cargo in late 2021 and early 2022. The facts are set out in more detail in the Court's summary judgment order. *See* Dkt. # 40.

## III. LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance [of trial] testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). "A motion *in limine* should not be used to resolve factual disputes, weigh evidence, or as a substitute for a motion for summary judgment." *Taneja v. Freitas*, No. 22-cv-702, 2023 WL 6541330, at *1 (W.D. Wash. Oct. 6, 2023). Moreover, they are "generally superfluous" for a bench trial. *Heller*, 551 F.3d at 1112. That is because the moving party is in effect "asking the judge to rule in advance on prejudicial evidence so that the judge would not hear the evidence." *Id.* However, for "logistical and other reasons, pretrial evidentiary motions may be appropriate in some cases." *Id.*

## IV. DISCUSSION

### A. Motion in Limine No. 1: Cause, Fault, Responsibility, or Justification.

Transfair seeks an order prohibiting "evidence that seeks to establish that any particular expenses in dispute were caused by or the fault of or the responsibility of one party or the other" or were "inadequately justified." Dkt. # 43 at 3. Transfair argues the house bill of lading ("HBL") requires Edsal to pay for costs arising from "hinderance, risk, delay, difficulty or disadvantage of any kind" (paragraph 14) and "freight and all other charges" (paragraph 15) with no further qualifications. *Id.* at 3–4. Thus, it argues that issues of cause, fault, responsibility, and justification are irrelevant to Edsal's

contractual liability for the disputed charges in this case. *Id.* Edsal responds there is a complete lack of evidence regarding why the disputed charges were incurred or even that they were incurred for Edsal's cargo. Dkt. # 46 at 4. Thus, it argues issues of cause, fault, responsibility, and justification are not only relevant, but central to this case. *Id.* In addition, it argues these issues are also relevant to its defense that Transfair breached its duty of good faith and fair dealing by failing to appropriately scrutinize the charges it passed on to Edsal. *Id.* at 5.

The Court agrees with both parties to some extent. It agrees with Edsal that at a very basic level, the "cause" of the disputed charges is of course relevant to this case. Transfair must show the charges were "caused" by transport of Edsal's cargo (as opposed to, for example, some other customer's cargo). It must also show the "cause" of the charges falls within the scope of HBL paragraph 14 or 15. That is, it must show the charges were caused by "hinderance, risk, delay, difficulty or disadvantage of any kind," or else that they fall within the scope of "freight and all other charges." In this sense, evidence regarding cause, fault, responsibility, and justification are relevant and should not be excluded.

The Court also agrees with Transfair's larger point, which is that as a contractual matter, HBL paragraphs 14 and 15 impose payment obligations on Edsal regardless of whether any particular party caused the charges or whether the charges were adequately justified. Thus, if Transfair shows the disputed charges fall within the scope of HBL paragraphs 14 and 15, then additional issues of cause, fault, responsibility, and justification become irrelevant (subject to Edsal's good faith defense, as discussed below). Edsal does not dispute this interpretation of the HBL. Indeed, Edsal appears to at least partially concede this point in its trial brief. *See* Dkt. # 49 at 5 ("Edsal could indeed be responsible for charges incurred not as a result of its own acts and omissions.").

ORDER - 3

Finally, Edsal argues issues of cause, fault, responsibility, and justification are also relevant to its good faith and fair dealing defense. Edsal intends to argue at trial that Transfair breached its duty of good faith and fair dealing by failing to appropriately scrutinize the costs it passed on to Edsal, and therefore Transfair cannot seek to enforce a contract that it materially breached. Under this theory, why the charges were incurred is relevant to whether Transfair appropriately scrutinized and passed the charges on to Edsal. The Court questions whether Edsal's theory remains a viable defense at trial. Specifically, it questions whether Transfair bears the burden of showing its compliance with the HBL as part of its affirmative case, or whether Edsal's good faith theory is an affirmative defense that Edsal omitted from its answer and thus waived. *See Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005) ("Under the Federal Rules of Civil Procedure, a party, with limited exceptions, is required to raise every defense in its first responsive pleading, and defenses not so raised are deemed waived"). At this juncture, however, without the benefit of full briefing on the issue,[1] Edsal's good faith and fair dealing defense remains a live issue for trial and therefore offers an additional basis that evidence of cause, fault, responsibility, and justification are relevant to this case.

In sum, although the Court agrees with Transfair's primary point that the HBL does not condition Edsal's payment obligation on issues of cause, fault, responsibility, and justification, those issues nevertheless bear some relevance to other aspects of this case. Accordingly, Transfair's motion in limine no. 1 is **DENIED**.

**B.    Motion in Limine No. 2: Business Record Exception.**

Next, Transfair seeks an order that "upon demonstration of proper foundation, admit[s] the Transfair Statement of Account (SOA) as a business record pursuant to Fed.

---

[1] Edsal raised this theory in its response to Transfair's motions in limine, and under the local rules, Transfair did not have an opportunity to file a reply.

ORDER - 4

R. Evid. 803(6) for expenses actually incurred for provision of cargo transportation services." Dkt. # 43 at 7. Edsal responds that it "does not object to admission of Transfair's SOA as a business record (assuming requisite foundation is laid under FRE 803) as evidence of what it invoiced to Edsal and when." Dkt. # 46 at 7. It opposes use of the SOA, however, as evidence of charges Transfair actually incurred and paid to third parties for the transport of Edsal's cargo. *Id.* The Court agrees with Edsal.

Transfair passes costs to its customers in a two-step maneuver. First, it incurs and pays to third-parties certain costs during the transport of its customers' cargo. For example, a large portion of the disputed charges at issue in this case are detention and demurrage charges that Transfair allegedly paid to third-party Mediterranean Shipping Company ("MSC") to facilitate the transport of Edsal's cargo. Second, Transfair seeks reimbursement of those costs by invoicing to its customers the amount it already paid to the third-party on the customer's behalf. Here, the parties do not dispute that Transfair's Statement of Account is a business record that may be admitted as evidence of this second step: the charges that Transfair invoiced to Edsal. Transfair, however, cannot rely on the Statement of Account, without more, as conclusive evidence of the first step: the charges it incurred and paid to MSC and other third parties. Stated differently, the Statement of Account is a business record of what Transfair invoiced to Edsal; it is not a business record of what Transfair paid to other third parties. At trial, Transfair must offer additional evidence, in the form of documents or witness testimony, that connects Transfair's Statement of Account with the costs Transfair actually incurred and paid on Edsal's behalf for the transport of Edsal's cargo. It is Transfair's burden to show the disputed charges were actually incurred for the transport of Edsal cargo within the scope of HBL paragraph 14 or 15.

Accordingly, Transfair's motion in limine no. 2 is **DENIED**.

### C. Motion in Limine No. 3: Attorney Fee Provision.

Transfair seeks an order "determining that the prevailing-party attorney fee provision in Transfair's Terms and Conditions (T&Cs) govern in this action" and other related findings. Dkt. # 43 at 12. Edsal responds that as a threshold matter, this motion in limine is improper because it seeks a ruling on a question of law rather an evidentiary issue. Dkt. # 46 at 11. The Court agrees. A motion in limine is not "a substitute for a motion for summary judgment." *Taneja*, 2023 WL 6541330, at *1. Transfair could have raised these questions of law regarding availability of attorneys' fees at summary judgment. Should it prevail at trial, it will have the opportunity to do so again in a motion for attorneys' fees. A motion in limine is not the appropriate vehicle for this dispute.

Accordingly, Transfair's motion in limine no. 3 is **DENIED** without prejudice.

### D. Motion in Limine No. 4: Evidence of Recoupment.

Transfair seeks an order "precluding Edsal from offering, eliciting, or arguing 'recoupment' of payments it made to Transfair as an affirmative defense at trial." Dkt. # 43 at 15. Edsal responds the motion is "unfounded" because "Edsal has not alleged that it overpaid Transfair sums it seeks to recoup in this action." Dkt. # 46 at 13. Because there is no current indication that Edsal intends to raise a recoupment defense at trial, a pretrial order on this issue is premature and unwarranted.

Accordingly, Transfair's motion in limine no. 4 is **DENIED** without prejudice.

### E. Motion in Limine No. 5: Lay Witnesses.

Transfair seeks an "order excluding non-party witnesses other than experts from the courtroom so that they cannot hear other witnesses' testimony." Dkt. # 43 at 17. At the December 17, 2025 pretrial conference, Edsal stipulated to this request subject to the clarification that corporate representatives who might testify may attend all trial

ORDER - 6

proceedings. Dkt. # 46 at 3. Accordingly, Transfair's motion in limine no. 5 is **GRANTED**.

F. **Motion in Limine No. 6: Compromise Offers and Negotiations.**

Transfair seeks an "order: (1) excluding evidence of (and arguments relating to) furnishing, promising or offering—or accepting, promising to accept, or offering to accept—a valuable consideration, and (2) excluding evidence of (and argument relating to) conduct or a statement made during compromise negotiations about the parties' claims." Dkt. # 43 at 17–18. At the December 17, 2025 pretrial conference, Edsal stipulated to this request. Dkt. # 46 at 3. Accordingly, Transfair's motion in limine no. 6 is **GRANTED**.

V. **CONCLUSION**

For the forgoing reasons, Transfair's motions in limine are **GRANTED IN PART** and **DENIED IN PART** as set forth in this order.

Dated this 8th day of January, 2026.

The Honorable Richard A. Jones
United States District Judge