HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRANSFAIR NORTH AMERICA INTERNATIONAL FREIGHT SERVICES, LLC., dba SCAN GLOBAL LOGISTICS and TRANSGROUP INTERNATIONAL,<br><br>Plaintiff,<br><br>v.<br><br>TOP SHELF MANUFACTURING, LLC dba EDSAL SANDUSKY,<br><br>Defendant. | Case No.  2:24-cv-01387-RAJ<br><br>ORDER |

THIS MATTER comes before the Court on Defendant Top Shelf Manufacturing LLC dba Edsal Sandusky's ("Edsal") evidentiary objections to several exhibits Plaintiff Transfair North America International Freight Services, LLC ("Transfair") seeks to admit at trial.  The parties submitted supplemental briefs on this dispute.  Dkts. # 55, 56.  The Court has reviewed the supplemental briefs, the balance of the record, and the applicable law.  For the reasons stated below, Edsal's objections are **OVERRULED**.

Transfair seeks to admit invoices it issued to Edsal, including attachments of underlying third-party invoices (i.e., backup documentation of the "pass through charges" Transfair billed to Edsal).  Edsal objects to the admission of the third-party invoices

ORDER - 1

because they constitute inadmissible hearsay. Transfair argues they are subject to the business records exception under Federal Rule of Evidence 803(6).

In the Ninth Circuit, "records a business receives from others are admissible under Federal Rule of Evidence 803(6) when those records are [1] kept in the regular course of that business, [2] relied upon by that business, and [3] where that business has a substantial interest in the accuracy of the records." *MRT Const. Inc. v. Hardrives, Inc.*, 158 F.3d 478, 483 (9th Cir. 1988). For example, in *United States v. Childs*, 5 F.3d 1328 (9th Cir. 1993), the Ninth Circuit affirmed the trial court's admission of third-party business records maintained by auto dealerships, where witnesses from the auto dealerships testified "the documents in question were kept in the regular course of business at the dealerships" and "the auto dealerships relied on the documents' identification of individual cars in keeping track of their cars." *Id.* at 1333–34. Similarly, in *Hardrives*, the Ninth Circuit affirmed the trial court's admission of law firm bills received by the defendant because the defendant "received the bills directly from the law firm and maintained the bills in its files," "relied upon the bills as statements of fees owed to the law firm," and "had a substantial interest in the accuracy of the bills." *Id.* at 483.

Here, the third-party invoices at issue satisfy the test set out in *Hardrives*. Transfair's Vice President of Operations, Fred Gobeille, testified that Transfair maintains the third-party invoices in the regular course of its business, relies on the third-party invoices to bill Transfair's customers and to pay its vendors, and as such, has a substantial interest in the accuracy of the records. In its supplemental brief, Edsal does not dispute that Transfair satisfies these elements.

Edsal's sole argument to exclude the third-party invoices is that they "lack fundamental trustworthiness" because Mr. Gobeille "testified that the carrier invoices required a vetting process due to inaccuracies in MSC's [a third-party carrier] invoices."

Dkt. # 56 at 1. Edsal argues *Childs* is distinguishable because "Edsal's challenge to the trustworthiness of the carrier invoice is not frivolous or speculative" and because Transfair "seeks to use the carrier invoices as its primary evidence." *Id.* at 4.

The Court disagrees. The party opposing admission of a record under Rule 803(6) bears the burden of showing its lack of trustworthiness. *See* Fed. R. Evid. 803(6)(E); Fed. R. Evid. 803(6), advisory committee's notes, 2014 amendments. The district court has "wide discretion" in deciding whether evidence satisfies the trustworthiness standard. *United States v. Scholl*, 166 F.3d 964, 978 (9th Cir. 1999). The Court, in its discretion, finds Edsal fails to meet its burden of showing the third-party invoices lack trustworthiness. Any responsible business would review and confirm the accuracy of invoices it receives from third parties before paying the invoices and passing those costs onto its customers. The mere fact that Transfair engaged in this common practice and occasionally identified errors in its vendors' invoices does not mean the invoices lack trustworthiness for purposes of Rule 803(6). Moreover, the Court disagrees that *Childs* is distinguishable. Again, the Court disagrees that the third-party invoices at issue lack trustworthiness. It also does not agree that the evidence at issue in *Childs* was not used as "primary evidence," or that whether evidence is used as "primary evidence" or not serves as a meaningful distinction.

//
//
//
//
//
//

For these reasons, Edsal's objections to the admission of third-party invoices are **OVERRULED**.

DATED this 14th day of January, 2026.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge

ORDER - 4